## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA BLOXOM, individually and on behalf of all others similarly situated, | ) ) ) Case No. _____ ) ) Removal from the Circuit Court of ) Douglas County, Illinois ) ) Case No.: 2021L2 ) ) |
| Plaintiff, | |
| v. | |
| HERFF JONES, LLC, | |
| Defendant. | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, defendant Herff Jones, LLC ("defendant") removes to the United States District Court for the Central District of Illinois, the civil action pending against it in the Circuit Court of Douglas County, Illinois. In support of removal, defendant states as follows:

1. Plaintiff Linda Bloxom ("plaintiff") filed a Class Action Complaint ("Complaint") in the Circuit Court of Douglas County, Illinois on January 21, 2021, entitled *Linda Bloxom, individually and on behalf of all similarly situated individuals v. Herff Jones, LLC*, Case No. 2021L2 (the "State Court Action"). Plaintiff served defendant's registered agent with the Complaint on February 2, 2021.

2. Under 28 U.S.C. §1446(a), a "copy of all process, pleadings, and orders served upon … defendants" in the State Court Action are attached hereto as **Exhibit A**.

3. Removal is proper because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(d), which is the jurisdictional grant created by the Class Action Fairness Act of 2005 ("CAFA"). CAFA grants district courts original jurisdiction over any civil action in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of

interest and costs" and is a "class action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" (*i.e.*, minimal diversity). *See* 28 U.S.C. §1332(d). These requirements are all met.

4. This Notice of Removal is timely because the Complaint does not affirmatively and unambiguously allege the total amount of monetary damages sought in this case. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013) (defendant's removal at 16 months was timely because the complaint and subsequent paper "did not affirmatively specify a damages figure" and were insufficient to start Section 1446(b)(3)'s removal clock; "The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought."); *Colon v. Dynacast, LLC*, 1:20-cv-3317, ECF No. 26, p. 5 (N.D. Ill. Feb. 10, 2021) ("the removal clock never actually started to run" because "no litigation document provided by Plaintiff facially establishes that the amount in controversy is met,… and Defendant's removal is timely" citing *Walker*); *Hostetler v. Johnson Controls, Inc.*, 2016 WL 3662263, *4, n.2 (N.D. Ind. 2016) (same); *Cutrone v. Mortgage Electronic Reg. Sys, Inc.*, 749 F.3d 137, 146-48 (2d Cir. 2014) (citing *Walker*, "the 30-day removal limits delineated in 28 U.S.C. §1446(b)(1) and (3)" are not the "exclusive time periods during which a defendant may remove;" where "an initial document or other pleading" fails to trigger these removal periods, "defendant may remove a case when, upon its own independent investigation, it determines that the case is removable").

**VENUE IS PROPER**

5. The Circuit Court of Douglas County, Illinois, is located within the United States District Court for the Central District of Illinois. 28 U.S.C. §93(c). Therefore, venue is proper in

this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

### ALL REQUIREMENTS FOR TRADITIONAL DIVERSITY JURISDICTION ARE MET

6. Complete diversity of citizenship exists between the parties under 28 U.S.C. §1332(a)(1) because plaintiff is a citizen of Illinois and defendant is a citizen of Indiana and Texas. The Complaint alleges that plaintiff is a citizen of Illinois. (Exhibit A, Compl., ¶17.) Defendant is an Indiana LLC whose managing members, Adam Blumenfeld, Burton Brillhart and John Hutchinson, are citizens of Texas. *See* Declaration of Megan Huppert, ¶3, attached as **Exhibit B**.

7. The $75,000 matter in controversy is satisfied as well. While the Complaint does not affirmatively specify the amount of damages, the matter in controversy requirement is satisfied because, it appears that plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(a); 28 U.S.C. §1446(c)(2); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

8. The Complaint alleges that plaintiff worked for Herff Jones from "September 2019" to "April 1, 2020." During that period, she "was required to place her fingers on a fingerprint scanner, which scanned and collected, and stored her fingerprints each time she 'clocked' in and out." (Exhibit A, Compl. ¶¶25, 27.) It seeks "statutory damages of $5,000 for each intentional and/or reckless violation … or $1,000 for each negligent violation of BIPA." (Exhibit A, Compl., ¶¶51, 61, Prayers for Relief (C).) Since plaintiff seeks $5,000 in statutory damages for *each* violation of BIPA, it is plausible that she seeks to recover that amount each time she used the fingerprint scanner.

3

9. Her purported damages under this theory exceed $75,000, if we assume four scans per day x 5 days worked x $5,000 per scan = $100,000. (Exhibit B, ¶7.) That plainly exceeds the $75,000 matter in controversy requirement. *See Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019) (counting each scan as a separate violation only for purposes of determining whether the $75,000 jurisdictional threshold is met because the allegations suggested that a violation occurred every time the plaintiff clocked in and out of work).

10. Plaintiff's request for attorneys' fees and injunctive relief should also be factored into the matter in controversy requirement for jurisdictional purposes. (Exhibit A, Compl., ¶¶51, 61, Prayers for Relief (E) & (F).) *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) ("[i]n a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation'").

11. To be clear, Herff Jones does not agree that plaintiff is entitled to that measure of damages under BIPA. But, for removal purposes, the removing party "only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence." *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017).

### ALL REQUIREMENTS FOR CAFA DIVERSITY JURISDICTION ARE MET

12. A "class action" under CAFA includes "any civil action" that is removed to a district court of the United States that was originally filed under a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B).

13. Here, the Complaint alleges a Biometric Information Privacy Act ("BIPA") class action on behalf of a putative class of "All individuals who had their fingerprints collected, captured, received or otherwise obtained and/or stored by Defendant in the state [sic] of Illinois." (Exhibit A, Compl. ¶38.) Accordingly, this action is properly considered a "class action" under CAFA.

14. CAFA's minimal diversity requirement is met where plaintiff is a citizen of Illinois and defendant is a citizen of Indiana and Texas. (Exhibit A, Compl., ¶17.) (Exhibit B, ¶3.) "Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).

15. The "matter in controversy" aggregated across the claims of the purported class members also satisfies CAFA. 28 U.S.C. §1332(d)(6). It must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2). The Complaint does not specify a damages figure or plead any amount sought. Defendant, however, has determined that the putative class is at least 400 employees. (Exhibit B, ¶4.) The Complaint alleges that plaintiff and the putative class members each suffered four violations of Section 15 of BIPA, including Section 15(a), Section 15(b)(1), Section 15(b)(2), and Section 15(b)(3). (*Id.,* ¶¶49-51, 58-61, Prayers for Relief (C).) Thus, the "matter in controversy" aggregated across the putative class plausibly exceeds $5,000,000. (Four violations per individual x $5,000 per violation x 400 individuals = $8,000,000.)). (Exhibit B, ¶6.)

16. The "per scan" theory of damages addressed in *Peatry* would exceed the CAFA threshold as well. The Complaint alleges that plaintiff and the putative class members were required to "clock in and out" using an alleged fingerprint scanner. (Exhibit A, Compl., ¶¶9, 29.) If we assume two scans per day x 7 days worked x 400 employees x $1,000 per scan, the purported

damages are $5,600,000 aggregated across the putative class. (Exhibit B, ¶7.) *See Peatry*, 393 F. Supp. 3d at 769 (Peatry's complaint "can plausibly be read to suggest that a violation of at least some of the BIPA provisions at issue allegedly occurred every time Peatry and the putative class members clocked in and out of work").

17. Defendant continues to deny the validity and merit of plaintiff's BIPA claim. But, for purposes of setting forth grounds for this Court's jurisdiction, the matter in controversy is satisfied under 28 U.S.C. §1332(d)(6). For removal purposes, the question is not "what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *Sabrina Roppo v. Travelers Commercial Ins. Co*., 869 F.3d 568, 579 (7th Cir. 2017) (emphasis in original).

18. Under CAFA, defendant need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). *See also Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("The legal standard was established by the Supreme Court in *St. Paul Mercury [Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)]: unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

### RESERVATION OF RIGHTS

19. Defendant's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by defendant of any fact, of the validity or merits of any of plaintiff's claims and allegations, or of any liability, all of which defendant hereby expressly denies, or as any type of express or implied waiver or limitation of any of plaintiff's

rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

20.     Under 28 U.S.C. §1446(d), defendant will promptly give written notice of the filing of the Notice of Removal to plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court for Douglas County, Illinois.

**WHEREFORE**, Defendant Herff Jones, LLC, respectfully requests that this litigation be removed from the Circuit Court of Douglas County, Illinois, to the United States District Court for the Central District of Illinois, Urbana Division.

Dated:   April 2, 2021                                              Respectfully submitted,

                                                                    By:  /s/ Jennifer L. Colvin
                                                                         One of the Attorneys for Defendant
                                                                         Herff Jones, LLC

Anne E. Larson (ARDC No. 6200481)
Jennifer L. Colvin (ARDC No. 6274731)
**OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:   312.558.1220
Facsimile:   312.807.3619
*anne.larson@ogletree.com*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on April 2, 2021, she filed the foregoing *Notice of Removal* electronically with the Clerk of Court using the ECF system, and served the *Notice of Removal* on the following via electronic mail:

>Carl V. Malmstrom
>Wolf Haldenstein Adler Freeman & Herz LLC
>111 W. Jackson Blvd., Suite 1700
>Chicago, IL 60604
>*malmstrom@whafh.com*
>
>Joseph I. Marchese
>Philip L. Fraietta
>Bursor & Fisher, P.A.
>888 Seventh Avenue
>New York, NY 10019
>*jmarchese@bursor.com*
>*pfraietta@bursor.com*
>
>***Attorneys for Plaintiff***

/s/ Jennifer L. Colvin
One of the Attorneys for Defendant

46605986.2