**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LINDA BLOXOM, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:21-cv-02071-CSB-EIL |
| v. | ) ) | Honorable Colin S. Bruce Magistrate Judge Eric I. Long |
| HERFF JONES, LLC, | ) ) | |
| Defendant. | ) | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiff, Linda Bloxom ("Plaintiff"); (ii) the Settlement Class (as defined herein); and (iii) Defendant, Herff Jones, LLC ("Herff Jones" or "Defendant"). The Settlement Class and Plaintiff are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiff and Herff Jones are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.    On January 21, 2021, Plaintiff filed the above-captioned two-count Biometric Information Privacy Act ("Privacy Act" or "BIPA"), 740 ILCS 14/1 *et seq*., putative class action against Herff Jones in the Circuit Court of Douglas County, Illinois, Sixth Judicial Circuit ("Action"), Case No. 2021L2. On April 2, 2021, Herff Jones timely removed the Action to the United States District Court for the Central District of Illinois. The Complaint alleges violations of the Privacy Act's publicly-available policy and informed consent requirements. 740 ILCS 14/15(a)-(b). The material allegations of the Complaint were that Herff Jones collected or captured

fingerprints or hand scans of its current and former Illinois employees and temporary workers without first providing notice, obtaining informed written consent or making a biometric data retention and destruction policy publicly available.  The Complaint alleges these individuals were required to "clock in" with their alleged fingerprints and/or hand scans.

      B.      Herff Jones alleges that it swiftly complied with the Privacy Act - within three weeks of its deployment of biometric time clocks at its Champaign and Arcola facilities. Indeed, the Complaint alleges that Herff Jones obtained Plaintiff's signed consent and made its retention and destruction policy available to her "at least a week after" it collected her alleged fingerprint. (ECF 1-1 at ¶35.)

      C.      On April 9, 2021, Herff Jones filed a motion to stay pending the outcome of several interlocutory appeals on potentially dispositive issues, including the one-year and two-year statutes of limitations and whether employee statutory damages claims are preempted by the exclusive remedy provisions of the Illinois Workers' Compensation Act ("IWCA").

      D.      On April 27, 2021, the Court granted Herff Jones' motion to stay and directed the Parties to submit status updates within 14 days of decisions of the several interlocutory appeals discussed above.

      E.      The Parties submitted the first such status update on February 18, 2022, and on February 28, 2022, the Court issued an order continuing the stay.

      F.      While the case was stayed, the Parties engaged in settlement discussions and ultimately agreed to participate in a private mediation.

      G.      On June 13, 2023, the Parties participated in a full-day mediation with the Honorable James F. Holderman (Ret.) of JAMS Chicago.  While the Parties participated in the mediation in good faith, they were unable to reach an agreement to settle the case that day.

H.      On June 16, 2023, Defendant accepted Plaintiff's monetary demand conditioned on Plaintiff's acceptance of Herff Jones' edits to Plaintiff's term sheet. The Parties subsequently negotiated a couple points in the term sheet. Having reached agreement on key material terms of a class action settlement, Plaintiff executed the term sheet on June 23, 2023, and Defendant on June 26, 2023.

I.      At all times, Herff Jones has denied and continues to deny any wrongdoing whatsoever, denies that it committed, or threatened or attempted to commit, any wrongful act or violation of the Privacy Act, and denies that certification of a litigation class is necessary or proper. Accordingly, any references to alleged Privacy Act violations or business practices of Herff Jones in this Agreement, any settlement document, or the related Court hearings and processes will raise no inference with respect to the propriety of those business practices or any other business practices of Herff Jones.  Nonetheless, taking into account the uncertainty and risks inherent in any litigation and the desire to avoid the expenditure of further legal fees and costs, Herff Jones has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement to avoid further expense, inconvenience, and burden.  This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Herff Jones, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class.

J.      Plaintiff believes that the claims asserted in the Action against Herff Jones have merit and that Plaintiff would have prevailed at summary judgment and/or trial.  Nonetheless, Plaintiff and Class Counsel recognize that Herff Jones has raised factual and legal defenses that present a risk that Plaintiff may not prevail.  Plaintiff and Class Counsel also recognize the expense

and delay associated with continued prosecution of the Action against Herff Jones through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims, as further defined herein, be fully and finally compromised, settled, and resolved with prejudice. Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

K.      Herff Jones maintains that it has a number of meritorious defenses to the claims asserted in this action, and that Herff Jones would prevail in this matter on summary judgment or at trial. Herff Jones denies any wrongdoing and any liability to Plaintiff and the Settlement Class whatsoever. Herff Jones also denies that class certification is warranted or appropriate. Nevertheless, Herff Jones recognizes the risks and uncertainties inherent in litigation, the significant expense associated with defending class actions, the costs of any appeals, and the disruption to business operations arising out of class action litigation. Herff Jones also recognizes the risks that a trial on class-wide claims might present. Accordingly, Herff Jones believes that the Settlement set forth in the Agreement is likewise in the best interests of all parties involved.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Herff Jones, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully

compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.    **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1    **"Action"** means *Bloxom v. Herff Jones, LLC*, Case No. 21-cv-02071, pending in the United States District Court for the Central District of Illinois.

1.2    **"Alternate Judgment"** means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Agreement and where none of the Parties elects to terminate this Settlement by reason of such variance.

1.3    **"Biometric Data"** means a Settlement Class Member's biometric identifier and biometric information as defined in 740 ILCS 14/10.

1.4    **"BIPA"** or the "Privacy Act" shall mean the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*

1.5    **"Cash Award"** means the cash compensation, payable by the Settlement Administrator from funds provided by Defendant on a *pro rata* basis, that each Settlement Class Member who has not opted-out of the Settlement shall be entitled to receive, which estimated amount shall be specified in the Notice.  Settlement Class Members shall receive payment via check.

1.6    **"Class Counsel"** means Philip L. Fraietta, Joseph I. Marchese, and Christopher R. Reilly of Bursor & Fisher, P.A.

1.7    **"Class List"** means an electronic list or lists from Defendant's available records that includes the names, last known U.S. Mail addresses, and email addresses, to the extent

available, belonging to Persons within the Settlement Class. The Settlement Administrator shall provide a copy of the Class List to Class Counsel but with the individuals' names only, in accordance with Paragraph 4.1(a).

      **1.8**     **"Class Period"** means the period of time from January 21, 2016, through the date of Preliminary Approval Order (defined below).

      **1.9**     **"Class Representative"** means the named Plaintiff in this Action: Linda Bloxom.

      **1.10**     **"Court"** means the Honorable Colin S. Bruce of the United States District Court for the Central District of Illinois.

      **1.11**     **"Defendant" or "Herff Jones"** means Herff Jones, LLC.

      **1.12**     **"Defendant's Counsel" or "Herff Jones' Counsel"** means Anne E. Larson of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

      **1.13**     **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

      **1.14**     **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation that will constitute a court-approved Qualified Settlement Fund (QSF) for federal tax purposes pursuant to Treas. Reg. §1.468B-1. The Settlement Fund shall be deposited or caused to be deposited by Defendant or its insurers into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts, and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund. The Settlement Administrator shall be responsible for all tax filings with respect to the Escrow Account.

**1.15** "**Fee Award**" means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel.

**1.16** "**Final**" when not used in combination with any other term defined herein, means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Approval Order; or (ii) if there is an appeal or appeals by Settlement Class Members (other than an appeal or appeals solely with respect to the Fee Award or incentive award), the day after all Settlement Class Members appeals are resolved in favor of Final Approval and no further appeals are possible.

**1.17** "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

**1.18** "**Final Judgment**" means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

**1.19** "**Net Settlement Fund**" means the amount of the Settlement Fund remaining after payment of claims administration and notice costs, incentive award to the Class Representative, and the Fee Award.

**1.20** "**Notice**" means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, consistent with the requirements of Due Process, Fed. R. Civ. P. 23, and substantially in the form of Exhibits A, B, and C, hereto.

**1.21** "**Notice Date**" means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than twenty-eight (28) days after Preliminary Approval.

**1.22** "**Objection Deadline**" means the date by which a written objection to this Settlement Agreement by a Settlement Class Member must be filed with the Court, which shall be

designated as a date sixty (60) days after the Notice Date, or such other date as ordered by the Court. The Objection Deadline will be set forth in the Notice, the Preliminary Approval Order, and on the Settlement Website.

1.23    **"Exclusion Deadline"** means the date by which a request for exclusion submitted by a Person within the Settlement Class must be postmarked or emailed to the Settlement Administrator, which shall be designated as a date sixty (60) days after the Notice Date, or such other date as ordered by the Court. The Exclusion Deadline will be set forth in the Notice, the Preliminary Approval Order, and on the Settlement Website.

1.24    **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouse, parent, child, guardian, associate, co-owners, heirs, predecessors, successors, representatives, or assigns.  "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.25    **"Plaintiffs"** means Linda Bloxom and the Settlement Class Members.

1.26    **"Preliminary Approval"** means the Court's conditional certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

1.27    **"Preliminary Approval Order"** means the Order preliminarily approving the Settlement Agreement conditionally certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class.

1.28    **"Released Claims"** means any and all claims or causes of action for actual damages, liquidated damages, penalties, injunctive relief, declaratory relief, attorneys' fees and

costs, expenses and interest, liabilities, demands, or lawsuits against the Released Parties (defined below) under the Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*, and all other related federal, state, and local laws, including the common law, whether known or unknown, whether legal, statutory, equitable, or of any other type or form, and whether brought in an individual, representative, or any other capacity, of every nature and description whatsoever that were or could have been brought in any of the actions filed (or to be filed) by Plaintiff and the Settlement Class Members.

1.29    **"Released Parties"** means Defendant and all affiliates, parents, subsidiaries, divisions, related entities, joint venturers, predecessors, successors and assigns ("These Entities"), and all owners, members, shareholders, directors, trustees, managers, agents, employees, attorneys,  insurers, reinsurers and retrocessionaires of These Entities, their benefit plans and the sponsors, fiduciaries and administrators of said employee benefit plans.

1.30    **"Releasing Parties"** means Plaintiff and each Settlement Class Member who does not timely opt out of the Settlement Class, and their respective present or past heirs, executors, estates, administrators, assigns and agents.

1.31    **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), creating and maintaining the Settlement Website, processing claims, responding to inquiries from members of the Settlement Class, mailing checks for Approved Claims, and related services, paying taxes and tax expenses related to the Settlement Fund (including all federal, state or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants).

1.32    **"Settlement Administrator"** means Analytics Consulting, LLC, or such other reputable administration company that has been selected by Class Counsel and reasonably

acceptable to Herff Jones and approved by the Court to perform the duties set forth in this Agreement, including but not limited to serving as Escrow Agent for the Settlement Fund, creating and maintaining the Settlement Website, putting reasonable anti-fraud measures in place to prevent theft of Settlement Class Members' settlement payments, overseeing the distribution of Notice, as well as the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement, and disbursing all approved payments out of the Settlement Fund, and handling the determination, payment and filing of forms related to all federal, state and/or local taxes of any kind (including any interest or penalties thereon) that may be owed on any income earned by the Settlement Fund. The Released Parties shall have no liability whatsoever for the CAFA notices, website set-up, maintenance and compliance, for the distribution of the Settlement Fund or the determination, calculation, or payment of any claim, for the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, for any losses incurred in connection with Settlement Administration, or for any other acts, omissions or nonperformance of the Settlement Administration.

     **1.33** **"Settlement Class"** means all individuals who worked or are currently working for Defendant in the State of Illinois who had their Biometric Identifiers and/or Biometric Information collected, captured, received, or otherwise obtained or disclosed by Defendant or its agent(s) without first signing a written consent form between January 21, 2016 and the date of the Preliminary Approval Order.  Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) Herff Jones, Herff Jones's subsidiaries, parent companies, successors, predecessors, and any entity in which Herff Jones or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) Persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any excluded Persons.

1.34    **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class.

1.35    **"Settlement Fund"** means the non-reversionary cash fund that shall be established by the Settlement Administrator and funded by Herff Jones and/or its insurer(s) in the total amount of $645,000 USD to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Cash Awards to Settlement Class Members, Settlement Administration Expenses, any incentive award to the Class Representative, any Fee Award to Class Counsel, and any other costs, fees or expenses approved by the Court. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Herff Jones's monetary obligations under this Agreement. The payment of the Settlement Amount by Herff Jones fully discharges Herff Jones and the other Released Parties' financial obligations (if any) in connection with the Settlement, meaning that no Released Party shall have any other obligation to make any payment into the Escrow Account or to any Class Member, or any other Person, under this Agreement. The total monetary obligation with respect to this Agreement shall not exceed $645,000 USD, unless the final count of Settlement Class Members on the Class List is not 430 Persons, in which case Defendant shall either increase or decrease the Settlement Fund by an amount proportionate to the final count of Settlement Class Members (*i.e.*, $1,500 multiplied by the final count of Settlement Class Members). If the settlement is not approved because the Court fails to enter the Final Approval Order or the Final Approval Order is reversed on appeal, the

Settlement Administrator shall promptly return to Defendant and its insurers the respective amounts paid by each into the Settlement Fund, plus the *pro rata* interest earned on those specific sums, less certain Settlement Administrative Expenses (*i.e.*, set up and notice).

      1.36    **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement.

**2.**     **SETTLEMENT RELIEF.**

      **2.1**    **Payments to Settlement Class Members.**

      **(a)**    Within 30 days after the Court's Final Approval Order becomes Final and the Settlement Administrator provides Herff Jones with the information needed to transfer funds to the Escrow Account, whichever is later, Herff Jones or its insurers shall fund or cause to be funded the Settlement Fund into the Escrow Account, provided however that Herff Jones or its insurers will transfer funds necessary to cover the notice costs (estimated to be approximately $10,000) within 21 days after the Court's Preliminary Approval Order.

      **(b)**    Each Settlement Class Member shall receive as a Cash Award a *pro rata* portion of the Settlement Fund, calculated by the Settlement Administrator, after deducting all Settlement Administration Expenses, any Fee Award to Class Counsel, any service award to the Class Representative, and any other costs, fees, or expenses approved by the Court, unless the Settlement Class Member excludes himself or herself from the Settlement.

      **(c)**    Except for any Settlement Class Member for whom the Settlement Administrator is unable to identify a postal address or e-mail address that it determines is reasonably likely to be the current place of residence (or an active e-mail address) for such Settlement Class Member, after taking measures reasonably necessary to identify such an address

(as detailed further in Paragraph 4.1(b)), each Settlement Class Member will be sent via U.S. postal mail (and/or e-mail to the extent a postal address is unavailable for a Settlement Class Member) a copy of the Class Notice, which will also indicate the estimated amount of the Cash Award that the Settlement Class Member will be paid upon final approval of the Settlement unless the Settlement Class Member opts out of the Settlement.

(d)     After final approval of the Settlement, a direct payment by check will be made to each Settlement Class Member who did not exclude himself or herself and for whom at least one postal address has been identified by the Settlement Administrator that the Settlement Administrator concludes is reasonably likely to reflect the current residence of such Settlement Class Member, after taking measures reasonably necessary to identify such an address, as set forth more fully in Paragraph 4.1(b); to the extent multiple such postal addresses are identified by the Settlement Administrator for a particular Settlement Class Member, such check shall be sent to the address that the Settlement Administrator concludes is the most likely among such multiple addresses to reflect the current residence of such Settlement Class Member.  The foregoing direct payment procedure shall apply for all Settlement Class Members for whom a postal address has been identified unless the Settlement Class Member submits an updated address to which their check should be sent on a web-based form on the Settlement Website, in which case such check will be sent to the updated address that was provided.

(e)     Each check will be issued on the date of mailing and will state on its face that the check will expire and become null and void unless cashed within 90 Days of the date of issuance.  To the extent that a check issued to a Settlement Class Member is not cashed within 90 Days after the date of issuance, the check will be void and the funds will remain with Defendant or its insurers.  Payments to all Settlement Class Members who do not exclude themselves from

the Settlement shall be made within twenty-eight (28) days after the Effective Date of the Settlement Agreement.

    **2.2**    **Prospective Relief**

    **(a)**    Herff Jones represents that it has provided and will continue to provide all notices and consents as required by BIPA. Herff Jones will continue to comply in good faith with BIPA as long as it uses Biometric Data in Illinois.

**3.**    **RELEASE.**

    **3.1**    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

    **3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

**4.**    **NOTICE TO THE CLASS.**

    **4.1**    The Notice Plan shall consist of the following:

    **(a)**    *Settlement Class List*.

    (i)    No later than 15 days after entry of the Preliminary Approval Order, Herff Jones shall provide the Settlement Administrator with the Class List, which includes the names, Social Security Numbers, last known U.S. Mail addresses, and to the extent available, email addresses, belonging to Persons within the Settlement Class The Settlement Administrator will provide a copy to Class Counsel, provided however that Class Counsel's copy will include names only.

    (ii)    Requests by individuals outside the Settlement Class List for inclusion in the Settlement Class will be brought to Herff Jones's attention for its review and determination by the Class Administrator and/or Class Counsel.

**(b)**    *Method for Providing Notice.*

**i.**    The Notice shall provide information to each Settlement Class Member regarding (a) the estimated amount of the Cash Award that will be paid to each Settlement Class Member upon final approval; (b) the amount of the incentive award and the Fee Award to be requested by Plaintiff and Class Counsel; (c) the Objection/Exclusion Deadline and the requirements and process for filing an objection to or a request for exclusion from the Settlement; (d) the URL of the Settlement Website, where additional information and documents concerning the Settlement may be obtained; and (e) identify Class Counsel by name, firm name and address and provide an email address and toll-free telephone number to contact Class Counsel directly and identify the Settlement Administrator by name and address and provide an email address and toll-free telephone number to contact the Settlement Administrator directly.

**ii.**    For every Settlement Class Member for whom the Settlement Administrator has been able to identify a postal address that it concludes has a reasonable likelihood of reflecting the current residence of such Settlement Class Member, as identified by the Settlement Administrator after taking measures reasonably necessary to identify such an address, the Settlement Administrator shall send the Notice to the Settlement Class Member at such address via postal mail.

**iii.**    To the extent multiple postal addresses are identified by the Settlement Administrator as having a reasonable likelihood of reflecting the current residence of a particular Settlement Class Member, Notice shall be sent to all such postal addresses, and each such Notice shall indicate the address to which

the Settlement Class Member's Cash Award check will be sent by check at the conclusion of the Settlement administration process; such address shall be the one that the Settlement Administrator concludes is the most likely among such multiple addresses to reflect the current residence of such Settlement Class Member.

       **iv.**    For any Settlement Class Member for whom the Settlement Administrator is unable to identify at least one postal address that it concludes has a reasonable likelihood of reflecting the current residence of such Settlement Class Member, the Notice will be delivered to any and all e-mail addresses specified in the Class List or otherwise identified by the Settlement Administrator as being reasonably likely to belong to such Settlement Class Member (after taking measures reasonably necessary to identify such e-mail address(es)).

       **v.**    If any Notice sent to a Settlement Class Member is returned as undeliverable, the Settlement Administrator shall redeliver the Notice to any alternative postal address(es) identified by the Settlement Administrator as having a reasonable likelihood of being the current place of residence for such Settlement Class Member (or, if none is available, to any e-mail address(es) believed to belong to the Settlement Class Member), after taking measures reasonably necessary to locate such addresses.

**(c)**    *Settlement Website.*  Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at an available settlement URL (such as, for example, www.HJBIPAsettlement.com) which shall be obtained, administered and maintained by the Settlement Administrator.  The Notice provided on the Settlement Website shall be substantially in the form of Exhibit C hereto. The Settlement Website shall also identify

Class Counsel by name, firm name and address and provide an email address and toll-free telephone number to contact Class Counsel directly. It shall also identify the Settlement Administrator by name, address and provide an email address and toll-free telephone number to contact the Settlement Administrator directly.

(d)    *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorney General of the United States, and any other required government officials, notice of the proposed settlement on Defendant's behalf as required by Section 1715(b)(1)-(8), provided that the Settlement Administrator first provides the draft submission for Defendant to approve.

4.2    The Notice shall advise the Settlement Class of their rights, including the rights to be excluded from or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Settlement Class Member represented by counsel, files any objection through the Court's electronic filing system, and (b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel, who shall promptly provide a list of the written objections and supporting documentation to Herff Jones' Counsel. Any Settlement Class Member who fails to timely object in accordance with the terms of Sections 4.2 through 4.4 shall not be permitted to object to the Settlement Agreement at the Final Approval Hearing and shall be foreclosed from seeking any review of this Settlement Agreement, the Final Approval Order, or

Alternative Approval Order, by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

       **4.3**     Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court).

       **4.4**     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

       **4.5**     A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request postmarked on or before the Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, a signature, the name and number of the case, and a clear statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A

request to be excluded that does not include all of this information, does not clearly state an intention to be excluded, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by each Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

4.6     The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1 is provided.

4.7     Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

**5.     SETTLEMENT ADMINISTRATION.**

5.1     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal

business practices and such records will be made available to Class Counsel and Herff Jones's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Herff Jones's Counsel with regular reports at weekly intervals containing information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report, prepared by Class Counsel and/or the Settlement Administrator and approved by Herff Jones, to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members. Without limiting the foregoing, the Settlement Administrator shall:

(a)    Put reasonable anti-fraud measures in place to prevent theft of Settlement Class Members' settlement payments via, *inter alia*, use of unique Claim IDs or Social Security Numbers to communicate with the Settlement Administrator or access any "change of contact information" functionality on the Settlement Website;

(b)    Upon request, forward to Herff Jones's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof.

(c)    Provide Class Counsel and Herff Jones's Counsel with drafts of all administration related documents, including but not limited to Notices, follow-up class notices or communications with Settlement Class Members, telephone scripts in a form approved by Class Counsel and Herff Jones's Counsel, website postings or language or other communications in a form approved by Class Counsel and Herff Jones's Counsel with the Settlement Class, at least five (5) days before the Settlement Administrator is required to or intends to publish or use such

communications, unless Class Counsel and Herff Jones's Counsel agree to waive this requirement in writing on a case by case basis;

(d)     Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Herff Jones's Counsel copies thereof.  If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Herff Jones's Counsel;

(e)     Provide weekly reports to Class Counsel and Herff Jones's Counsel, including without limitation, reports regarding the number of objections and/or exclusions received.

5.2     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

5.3     Herff Jones, the Released Parties, and Herff Jones's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to:  (i) any act, omission, or determination by Class Counsel, or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the allocation of net Settlement Funds to Settlement Class Members or the implementation, administration, calculation or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund;  (v) the payment, reporting, or withholding of any taxes, tax expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns; (vi) for CAFA notices, website set up, maintenance

and compliance; or (vii) any other acts, omissions or nonperformance of the Settlement Administrator.

**5.4**      All taxes and tax expenses shall be paid out of the Settlement Fund, and shall be timely paid by the Settlement Administrator pursuant to this Agreement and without further order of the Court, including requesting Form W-9s from Settlement Class Members if necessary, transmitting Form 1099s to Settlement Class Members if legally required, and performing back-up withholding if necessary.  Any tax returns or reporting forms prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with this Agreement and in all events shall reflect that all taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Released Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator or its agents with respect to the reporting or payment of taxes or tax expenses.

## 6.      NO TERMINATION OF SETTLEMENT; CONTINUED GOOD FAITH NEGOTIATION.

**6.1**      In the event that the Court reduces or does not approve Class Counsel's Petition for Fee Award, Class Counsel shall not have the right to revoke this Settlement Agreement, which shall remain binding, and such unapproved amounts shall be returned to the Settlement Fund for distribution to the Settlement Class Members. Nothing herein shall be read to limit Class Counsel's ability to appeal a Fee Award that is less than what is sought.

**6.2**      If the Court does not grant preliminary or final approval of the Settlement or the Court grants preliminary or final approval by making material modifications to the terms of the Settlement Agreement, the Parties will work together in good faith to address the concerns raised in denying or modifying preliminary or final approval. If the Parties are unable to jointly agree on solutions to address the Court's concerns, then the Parties shall request the assistance of Judge Holderman of JAMS or another mediator, if Judge Holderman is unavailable.

7.    **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

7.1    Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; conditional certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval, which order shall set a Final Approval Hearing date and approve the Notice for dissemination substantially in the form of Exhibits A and B, hereto.  The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class or materially expand the obligations of Herff Jones.

7.2    At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

7.3    After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

(a)    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto;

(b)    approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms

and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and Releasing Parties;

   **(c)** find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitutions, and the rules of the Court;

   **(d)** conditionally find that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for the Settlement Class in that: (1) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (2) there are questions of law and fact common to the Settlement Class Members; (3) the claims of the Class Representative are typical of the claims of the Settlement Class he seeks to represent; (4) the Class Representative has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (5) the questions of law and fact common to Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (6) the Settlement Class is ascertainable; and (7) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

**(e)**　dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

**(f)**　incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

**(g)**　permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims;

**(h)**　without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose;

**(i)**　close the case; and

**(j)**　incorporate any other provisions, as the Court deems necessary and just, provided that such other provisions do not materially abridge, enlarge or modify any rights or responsibilities of the Released Parties or Settlement Class Members under this Agreement.

**7.4**　The Parties agree to stay all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement, until the Effective Date of the Settlement has occurred.  The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time shall either Party or their counsel seek to solicit or otherwise encourage Settlement Class Members to submit written objections to the Settlement or requests for exclusion from the Class, or appeal from the Court's Final Judgment.

**8.**　**CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

**8.1**    Herff Jones agrees that Class Counsel is entitled to reasonable attorneys' fees and unreimbursed expenses incurred as the Fee Award from the Settlement Fund.  The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel.  Class Counsel has agreed, with no consideration from Defendant, to limit its request for attorneys' fees and unreimbursed costs and expenses to one-third of the Settlement Fund.  Defendant may challenge the amounts requested.  Should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Settlement Fund.

**8.2**    The Fee Award shall be payable by the Settlement Administrator within thirty-five (35) days after entry of the Court's Final Judgment and receipt by the Settlement Administrator of all payment routing information and tax I.D. numbers for Class Counsel and Class Counsel's W-9.  Payment of the Fee Award shall be made from the Settlement Fund by wire transfer to Bursor & Fisher, P.A., in accordance with wire instructions to be provided by Bursor & Fisher, P.A., and completion of necessary forms, including but not limited to W-9 forms.  Notwithstanding the foregoing, if for any reason the Final Judgment is reversed, vacated or rendered void or the Fee Award is reduced as a result of an appeal, then Class Counsel shall promptly return the Fee Award in full or in part to the Settlement Fund within fourteen (14) days of the court's decision.

**8.3**    The Parties agree that the Class Representative shall be paid a Class Representative incentive award up to $5,000 USD from the Settlement Fund, in addition to any Cash Award pursuant to this Settlement Agreement and in recognition of her efforts on behalf of the Settlement Class, subject to Court approval.  Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Settlement Fund.  Any award shall be paid by the Settlement Administrator from the Settlement

Fund (in the form of a check to the Class Representative that is sent care of Class Counsel), within five (5) business days after the Effective Date.

## 9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.

**9.1**    The Effective Date of this Settlement Agreement shall not occur until all of the following events occur, and shall be the date which falls ten (10) calendar days after the last (in time) of the following events:

**(a)**    The Parties and their counsel have executed this Agreement;

**(b)**    The Court has entered the Preliminary Approval Order;

**(c)**    The Court has entered a Final Approval Order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

**(d)**    The Final Judgment has become Final, as defined above, or, if the Court enters an Alternate Judgment, such Alternate Judgment becomes Final.

**9.2**    Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, Class Counsel's request for payment of attorneys' fees, costs and/or expenses and/or the request for incentive award payments set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

## 10.    MISCELLANEOUS PROVISIONS.

**10.1**    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals.  Class Counsel and Herff Jones's Counsel

agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes with respect to the Released Claims.

**10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**    Neither this Agreement, the Class Action Settlement Term Sheet, nor any other settlement document, nor the settlement contained herein or any term, provision or definition therein, nor any act or communication performed or document executed in the course of negotiating, implementing or seeking approval pursuant to or in furtherance of this Agreement or the settlement:

**(a)**    is, may be deemed, or shall be used, offered or received in any civil, criminal or administrative proceeding in any court, administrative agency, arbitral proceeding or other tribunal against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the definition or scope of any term or provision, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them.  Herff Jones, while continuing to deny all allegations of

wrongdoing and disclaiming all liability with respect to all claims, considers it desirable to resolve the action on the terms stated herein to avoid further expense, inconvenience, and burden, and therefore has determined that this settlement is in Herff Jones' best interests. Any public statements made by Plaintiff or Class Counsel will be consistent with this paragraph and Class Counsel will not issue any press release concerning this Agreement or the settlement contained herein;

**(b)**    is, may be deemed, or shall be used, offered or received against any Released Party, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing or statutory meaning as against any Released Parties, or supporting the certification of a litigation class, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)    is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(e)    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's or the Settlement Class' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.5    The Parties acknowledge that (a) any certification of the Settlement Class as set forth in this Agreement, including certification of the Settlement Class for settlement purposes in the context of Preliminary Approval, shall not be deemed a concession that certification of a litigation class is appropriate, or that the Settlement Class definition would be appropriate for a litigation class, nor would Herff Jones be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement Agreement is not finalized or finally approved; (b) if the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then any certification of the Settlement Class will be void, the Parties and the Action shall be restored to the status quo ante, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action or in any other action; and (c) no agreements made by or entered into by Herff Jones in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

**10.6**    No person or entity shall have any claim against the Class Representative, Class Counsel, the Settlement Administrator or any other agent designated by Class Counsel, or the Released Parties and/or their counsel, arising from distributions made substantially in accordance with this Agreement.  The Parties and their respective counsel, and all other Released Parties shall have no liability whatsoever for the distribution of the Settlement Fund or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**10.7**    The Plaintiff, Settlement Class Members, and Class Counsel receiving funds pursuant to this Agreement shall be solely responsible for filing all information and other tax returns necessary or making any tax payments related to funds received pursuant to this Settlement Agreement.  The Released Parties provide no legal advice and make no representations to the Plaintiff, Class Members, or Class Counsel regarding the legal or tax consequences of this agreement, including any benefit or monies paid and received.  The Plaintiff, Class Members, and Class Counsel shall be solely responsible for any tax or legal consequences for any benefit or award paid and/or received pursuant to this Agreement.

**10.8**    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

**10.9**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.10**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.11**    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.12**    This Agreement and its Exhibits, set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.  No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.13**    Except as otherwise provided herein, each Party shall bear its own costs.

**10.14**    Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that he is fully entitled to release the same.

**10.15**    Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.16**    This Agreement may be executed in one or more counterparts.  Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.17**    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.18**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.19**   This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of Illinois without giving effect to its conflict of laws provisions.

**10.20**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties.   Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.21**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Philip L. Fraietta, Bursor & Fisher, P.A., 1330 Avenue of the Americas, 32nd Floor, New York, NY 10019; Anne E. Larson, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 155 North Wacker Drive, Suite 4300, Chicago, IL 60606.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: Aug 28, 2023 , 2023          **LINDA BLOXOM**

By: Linda bloxom (Aug 28, 2023 16:44 CDT)

Linda Bloxom, individually and as representative of the Class

Dated: 8/29/2023 , 2023          **HERFF JONES, LLC**

By: Gerardo Garcia

Name:  Gerardo ("Jerry") Garcia

Title:  SVP, Deputy General Counsel

**IT IS SO STIPULATED BY COUNSEL:**

Dated: Aug 28, 2023 , 2023          **BURSOR & FISHER, PA**

By: _____
Joseph I. Marchese
jmarchese@bursor.com
Philip L. Fraietta
pfraietta@bursor.com
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel:  (646) 837-7150
Fax:  (212) 989-9163

Christopher R. Reilly
creilly@bursor.com
BURSOR & FISHER, P.A.
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Tel:  (305) 330-5512
Fax:  (925) 407-2700

*Attorneys for Class Representative and the Settlement Class*

Dated: ___August 28___, 2023    **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: _____
Anne E. Larson
anne.larson@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
155 North Wacker Drive, Suite 4300
Chicago, IL 60606
Tel:  (312) 558-1253
Fax: (312) 807-3619

*Attorneys for Defendant Herff Jones, LLC*

58024394.v1-OGLETREE

**EXHIBIT A**

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

Herff Jones BIPA Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

OUR RECORDS
INDICATE YOU
WORKED OR ARE
CURRENTLY WORKING
FOR HERFF JONES, LLC
IN THE STATE OF
ILLINOIS. YOU MAY BE
ENTITLED TO A
PAYMENT FROM A
CLASS ACTION
SETTLEMENT.

|||||||||||||||||||||||||||

Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

**HERFF JONES BIPA SETTLEMENT**

A settlement has been reached in a Biometric Information Privacy Act ("BIPA" or "Privacy Act") class action lawsuit by former employee, Linda Bloxom, against Herff Jones, LLC ("Herff Jones"), titled *Linda Bloxom v. Herff Jones, LLC*, Case No. 2:21-cv-02071-DSB-EIL (C.D. Ill.). The lawsuit alleges that Herff Jones collected its Illinois workers' Biometric Identifiers and/or Biometric Information without first providing notice, obtaining informed written consent or making a biometric data policy publicly available, as required by the Privacy Act. 740 ILCS 14/1 *et seq.* Herff Jones denies the claims in the lawsuit and contends that it did not do anything wrong and denies that class certification is warranted or appropriate. The Court did not resolve the claims and defenses raised in this action. Nor has the Court determined that Herff Jones did anything wrong or that this matter should be certified as a class action except if the Settlement is fully approved by the Court. The parties have agreed to settle the dispute to avoid the cost and risk of a trial.

**Am I a Class Member?** Our records indicate that you worked or are currently working for Herff Jones in the State of Illinois and may be a Class Member. Class Members are individuals who worked or are currently working for Herff Jones in the State of Illinois who had their Biometric Identifiers and/or Biometric Information collected, captured, received, or otherwise obtained or disclosed by Herff Jones or its agent(s) without first signing a written consent form between January 21, 2016 and [date of preliminary approval].

**What Can I Get?** If approved by the Court, a Settlement Fund of $645,000 has been established to pay all claims to the Settlement Class, together with notice and administration expenses, approved attorneys' fees and costs to Class Counsel, and an incentive award to Plaintiff. Once the Settlement becomes Final, you will receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates will be approximately $950 per class member.

**How Do I Get a Payment?** If you are a Class Member, you will automatically receive a *pro rata* share of the Settlement Fund, so long as you do not request to be excluded from the Settlement Class. Your payment will come by check, sent to the following address: [insert Settlement Class Member's address to which check will be sent]. If you no longer reside at this address or are planning to change addresses prior to [insert date 28 days after final approval hearing date], please complete and submit a change of address form accessible on the Settlement Website so that your check is sent to the correct address.

**What are My Other Options?** You may exclude yourself from the Class by submitting an online form on the Settlement Website no later than 11:59 p.m. on [exclusion deadline] or by sending a letter to the settlement administrator no later than [exclusion deadline]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Any written objection must be filed no later than [objection deadline]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.HJBIPAsettlement.com. If you do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, any BIPA claims you have against Herff Jones for the time period of this lawsuit will be fully and forever released in exchange for the settlement payment you receive.

**Who Represents Me?** The Court has appointed The Court has appointed Philip L. Fraietta, Joseph I. Marchese, and Christopher R. Reilly of Bursor & Fisher, P.A. to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at [time] on [date] at the United States District Court for the Central District of Illinois, 201 S. Vine Street, Urbana, IL 61802. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $5,000 from the Settlement Fund for her services in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel will seek no more than one-third of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www. Herff JonesBIPAsettlement.com, contact the settlement administrator by calling (800) 000-0000 or writing to Herff Jones BIPA Settlement Administrator, [address], or contact Class Counsel by calling (646) 837-7150.

Herff Jones BIPA Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX

**EXHIBIT B**

From:   Administrator@HerffJonesBIPASettlement.com
To:     JonQClassMember@domain.com
Re:     Legal Notice of Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Bloxom v. Herff Jones, LLC*, Case No. 21-cv-02071
(United States District Court for the Central District of Illinois)

A settlement has been reached in a Biometric Privacy Act ("BIPA" or "Privacy Act") class action lawsuit by former employee, Linda Bloxom, against Herff Jones, LLC ("Herff Jones"), titled *Linda Bloxom v. Herff Jones, LLC*, Case No. 2:21-cv-02071-CSB-EIL (C.D. Ill.). The lawsuit alleges that Herff Jones collected its Illinois workers' Biometric Identifiers and/or Biometric Information without first providing notice, obtaining informed written consent or making a biometric data policy publicly available, as required by the Privacy Act, 740 ILCS 14/1 *et seq.* Herff Jones denies the claims in the lawsuit and contends that it did not do anything wrong and denies that class certification is warranted or appropriate.  The Court did not resolve the claims and defenses raised in this action.  Nor has the Court determined that Herff Jones did anything wrong or that this matter should be certified as a class action except if the Settlement is fully approved by the Court. The parties have agreed to settle the dispute to avoid the cost and risk of a trial**.**

**Am I a Class Member?**  Our records indicate that you worked or are currently working for Herff Jones in the State of Illinois and may be a Class Member. Class Members are individuals who worked or are currently working for Herff Jones in the State of Illinois who had their Biometric Identifiers and/or Biometric Information collected, captured, received, or otherwise obtained or disclosed by Herff Jones or its agent(s) without first signing a written consent form between January 21, 2016 and [date of preliminary approval].

**How Do I Get a Payment?** If you received a Notice via postcard, you are considered a Class Member and will automatically receive a pro rata share of the Settlement Fund, if you do not opt-out of the Settlement. However, if you did not receive a postcard Notice but believe you qualify as a Class Member, you **must** submit your address via the website's change of address form (see instructions below) and explain why you believe you qualify as a Class Member in order to receive a share of the Settlement Fund. Please complete the form either electronically on the Settlement Website by clicking here [insert hyperlink], or by printing and mailing in a paper change of address form, copies of which are available for download here [insert hyperlink].  Unless you received a postcard Notice concerning the Settlement sent to you by postal mail, you **must** complete and submit a change of address form to receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates will be approximately $950.  You may submit a change of address form either electronically on the Settlement Website by clicking here [insert hyperlink], or by printing and mailing in a paper change of address form, copies of which are available for download here [insert hyperlink].  These forms must be submitted online by 11:59 p.m. EST on [date] or postmarked and mailed by [date of final approval hearing].

**What Can I Get?** If approved by the Court, a Settlement Fund of $645,000 has been established to pay all claims to the Settlement Class, together with notice and administration expenses, approved attorneys' fees and costs to Class Counsel, and an incentive award to Plaintiff.  Unless you received a postcard Notice concerning the Settlement sent to you by postal mail, you **must**

submit a change of address form (see instructions below) in order to receive a share of the Settlement Fund.  **If you submit a change of address form,** you will receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates will be approximately $950 per class member.

**What are My Other Options?** You may exclude yourself from the Class by submitting an online form on the Settlement Website no later than 11:59 p.m. on [objection/exclusion deadline] or by sending a letter to the settlement administrator no later than [objection/exclusion deadline]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Any written objection must be filed no later than [objection/exclusion deadline]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.HJBIPAsettlement.com. If you do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, any BIPA claims you may have against Herff Jones for the period of this lawsuit will be fully and forever released in exchange for the settlement payment you receive.

**Who Represents Me?** The Court has appointed Philip L. Fraietta, Joseph I. Marchese, and Christopher R. Reilly of Bursor & Fisher, P.A. to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at [time] on [date] at the United States District Court for the Central District of Illinois, 201 S. Vine Street, Urbana, IL 61802, or remotely via Zoom, telephone or other means, as instructed by the Court. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $5,000 from the Settlement Fund for her services in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel will seek no more than one-third of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www.HJBIPAsettlement.com, contact the settlement administrator by calling (800) 000-0000 or writing to Herff Jones BIPA Settlement Administrator, [address], or contact Class Counsel by calling (646) 837-7150.

**EXHIBIT C**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF ILLINOIS**
*Linda Bloxom v. Herff Jones, LLC*, Case No. 21-cv-02071

IF YOU WORKED OR ARE CURRENTLY WORKING FOR HERFF JONES, LLC IN THE STATE OF ILLINOIS BETWEEN JANUARY 21, 2016 AND [DATE OF PRELIMINARY APPROVAL], AND HAD YOUR BIOMETRIC IDENTIFIERS AND/OR BIOMETRIC INFORMATION COLLECTED BY HERFF JONES WITHOUT FIRST SIGNING A WRITTEN CONSENT, YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a Biometric Information Privacy Act ("BIPA" or "Privacy Act") class action lawsuit by former employee, Linda Bloxom against Herff Jones, LLC ("Herff Jones"), titled *Linda Bloxom v. Herff Jones, LLC*, Case No. 2:21-cv-02071-CSB-EIL (C.D. Ill.). The lawsuit alleges that Herff Jones collected Biometric Identifiers and/or Biometric Information without first providing notice, obtaining informed written consent or making a biometric data policy publicly available, as required by the Privacy Act, 740 ILCS 14/1 *et seq*.

- You are included if you worked or are currently working for Herff Jones in Illinois and had your Biometric Identifiers and/or Biometric Information collected, captured, received, or otherwise obtained or disclosed by Herff Jones or its agent(s) without first signing a written consent form between January 21, 2016 and [date of preliminary approval].

- Those included in the Settlement will be eligible to receive a *pro rata* (meaning equal) portion of the Settlement Fund, which Class Counsel anticipates will be approximately $950.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will receive a *pro rata* share of the Settlement benefits – estimated to be approximately $950 – and will give up your rights to sue the Defendant about the claims in this case. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

The Court in charge of this action has preliminarily approved the Settlement as fair, reasonable, and adequate, and must decide whether to give final approval to the Settlement. The relief provided to Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement. ***Please be patient***.

## BASIC INFORMATION

### 1.  Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The case is pending in the United States District Court for the Central District of Illinois. The case is called *Linda Bloxom v. Herff Jones, LLC*, Case No. 21-cv-02071. The person who sued, Linda Bloxom, is called the Plaintiff. The Defendant is Herff Jones, LLC.

### 2. What is a class action?

In a class action, one or more people called class representatives (in this case, Linda Bloxom) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

### 3. What is this lawsuit about?

This lawsuit alleges that Herff Jones violated the Privacy Act by collecting biometric data without first providing notice and obtaining signed consent when individuals scanned their fingers to clock-in and out of work at its two Illinois locations. Herff Jones denies the claims in the lawsuit and contends that it did not do anything wrong and denies that class certification is warranted or appropriate. The Court did not resolve the claims and defenses raised in this action. Nor has the Court determined that Herff Jones did anything wrong or that this matter should be certified as a class action except if the Settlement is fully approved by the Court. Rather, the Parties have, without admitting liability, agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

**5. How do I know if I am in the Settlement Class?**

The Court decided that everyone who fits the following description is a member of the **Settlement Class**:

All individuals who worked or are currently working for Defendant in the State of Illinois who had their Biometric Identifiers and/or Biometric Information collected, captured, received, or otherwise obtained or disclosed by Defendant or its agent(s) without first signing a written consent form between January 21, 2016 and [the date of the Preliminary Approval Order].

## THE SETTLEMENT BENEFITS

**6. What does the Settlement provide?**

***Monetary Relief***:   A Settlement Fund has been created totaling $645,000. Class Member payments, and the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees (inclusive of litigation costs), and an award to the Class Representative will also come out of this fund (*see* Question 12).

***Prospective Relief***:  Herff Jones has represented that it has provided and will continue to provide all notices and consents as required by BIPA.  Herff Jones will continue to comply in good faith with BIPA as long as it uses biometrics in Illinois.

A detailed description of the settlement benefits can be found in the Settlement Agreement, a copy of which is accessible on the Settlement Website by clicking here. [insert hyperlink]

**7. How much will my payment be?**

Each Class Member will receive a proportionate share of the Settlement Fund, which Class Counsel anticipates will be approximately $950.  You can contact Class Counsel at (646) 837-7150 to inquire as to the number of requests for exclusion that have been received to date.

**8. When will I get my payment?**

The hearing to consider the fairness of the settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the settlement, eligible Class Members will receive their payment 28 days after the Settlement has been finally approved and/or after any appeals process is complete.  The payment will be made in the form of a check, and all checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

### 9. How do I get a payment?

If you are a Class Member who received a Notice via postcard and you want to get a payment, do nothing and you will automatically receive a *pro rata* share of the Settlement Fund, which Class Counsel anticipates will be approximately $950 sent to the postal address identified in the Notice you received. If you have changed addresses or are planning to change addresses prior to [insert date 28 days after final approval hearing date], please click here [insert hyperlink] to complete and submit a change of address form on the Settlement Website.

If you are a Settlement Class Member who did not receive a Notice via postcard and you want to get a payment, you **must** complete and submit a change of address form. You may submit a change of address form either electronically on the Settlement Website by clicking here [insert hyperlink], or by printing and mailing in a paper change of address form, copies of which are available for download here [insert hyperlink]. Change of address forms must be submitted online by 11:59 p.m. EST on [date] or postmarked and mailed by [date].

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue the Defendant and other Released Parties for the claims being resolved by this Settlement. The specific claims you are giving up against the Defendant are described in the Settlement Agreement. You will be "releasing" the Defendant and certain of its affiliates, employees and representatives as described in Section 1.28 of the Settlement Agreement. Unless you exclude yourself (*see* Question 13), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 11 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in the case?

The Court has appointed Philip L. Fraietta, Joseph I. Marchese, and Christopher R. Reilly of Bursor & Fisher, P.A. to represent the class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement

Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**12. How will the lawyers be paid?**

The Defendant has agreed that Class Counsel attorneys' fees and costs may be paid out of the Settlement Fund in an amount to be determined by the Court. The fee petition will seek no more than one-third of the Settlement Fund, inclusive of reimbursement of their costs and expenses; the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, the Parties have agreed that the Class Representative may be paid a service award of $5,000 from the Settlement Fund for her services in helping to bring and resolve this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must submit a request for exclusion by 11:59 p.m. EST on [exclusion deadline]. Requests for exclusion may be submitted either on the Settlement Website (via the online form accessible here [insert hyperlink]) or by mailing or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Linda Bloxom v. Herff Jones, LLC*, Case No. 21-cv-02071 settlement. Your letter or request for exclusion must also include your name, your address, an explanation of the basis upon which you claim to be a Class Member, your signature, the name and number of this case, and a statement that you wish to be excluded. If you choose to submit a request for exclusion by mail, you must mail or deliver your exclusion request, postmarked no later than [exclusion deadline], to the following address:

HJBIPA Settlement
0000 Street
City, ST 00000

**14. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

**15. If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, you will not receive a *pro rata* share of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

### 16. How do I object to the Settlement?

If you are a Class Member, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it. The Court will consider your views.  To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Linda Bloxom v. Herff Jones, LLC*, Case No. 21-cv-02071 and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a Class Member, the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel listed below, who will provide a copy of your objections and supporting documentation to Defendant's Counsel.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 20), you must say so in your letter or brief.  File the objection with the Court (or mail the objection to the Court) and mail a copy of the objection to Class Counsel and Defendant's Counsel, at the addresses below, postmarked no later than **[objection deadline].**

| Court | Class Counsel |
|---|---|
| The Honorable Colin S. Bruce<br>318 U.S. Courthouse<br>201 S. Vine Street<br>Urbana, IL 61802 | Philip L. Fraietta<br>Bursor & Fisher P.A.<br>1330 Avenue of the Americas, 32nd Floor<br>New York, NY 10019 |

### 17. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself from the

Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**18. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at [time] on [date] at the United States District Court for the Central District of Illinois, 201 S. Vine Street, Urbana, IL 61802 or remotely via Zoom, telephone or other means, as instructed by the Court. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check for updates by visiting the Settlement Website at www.HJBIPAsettlement.com or calling (800) 000-0000. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of the Final Approval Hearing.

**19. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**20. May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Bloxom v. Herff Jones, LLC*, Case No. 21-cv-02071." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than [objection deadline], and be sent to the addresses listed in Question 16.

## GETTING MORE INFORMATION

**21. Where do I get more information?**

This Notice summarizes the Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.HJBIPAsettlement.com.  You may also write with questions to Herff Jones BIPA Settlement, P.O. Box 0000, City, ST 00000.  You can call the Settlement Administrator at (800) 000-0000 or Class Counsel at (646) 837-7150, if you have any questions.  Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.